UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

William H. Oliver, Jr., Esq.
OLIVER & LEGG, LLC
2240 Highway 33, Suite 112
Neptune, New Jersey 07753
732-988-1500
Attorney for Debtor(s)
courtdocs@oliverandlegg.com

In Re:

Maryellen McNama-Bailly,

                Debtor

Case No.: 21-17879

Chapter: 13

Hearing Date:

Judge: MBK

## CERTIFICATION OF DEBTOR

I, **Maryellen McNama-Bailly,** am the debtor in the above caption matter and submit this Certification in Opposition to Motion to Vacate the Automatic Stay.

1. I have lived in the premises where the stay is being vacated to go back to state court. However, this is a highly unusual case where a creditor was appointed administrator of an estate when I had previously been the administer of the estate in order to collect the creditors bill.

2. I wish again to be administrator of my husbands' estate. I have lived on the premises with my husband for 29 years and we have a daughter also whom lives with me at this premises.

3. My Chapter 13 bankruptcy was filed to prevent the sale of my home as I own 50% of it through my husband's estate.

4. I recently settled a personal injury case whereby there is sufficient sums available to pay the entire claim of the homeowner's association, if however, the claim is deemed valid.

5. See your Honor's order dated March 31, 2022 showing the award of $59,657.43 from my personal injury case.

6. In addition, I am entitled to an exemption on my personal injury award however I am willing to pay my exemption to the creditor in question in order to have the claim resolved.

7. My lawyer filed an objection to the homeowner's association lien that on the basis that there were no underlying documents to support it. We are additionally challenging that the attorneys are not reasonable under the circumstances. We do not object that there may be underlying documents to support the homeowner's association claim however the fact that Stark & Stark law firm went into state court to try to obtain letters of administration was totally unnecessary and most of the legal fees involved in that were from going to state court by Stark & Stark. We do not object to a reasonable fee like filing a lawsuit against my husband's estate for non-payment of the association fee or for the work completed to foreclose the lien. Stark & Stark went to extraordinary measures which were not reasonable to enforce this debt under a homeowner's association. Nor do we believe they had the authority within the homeowner's association underlying documents to do this kind of legal work.

8. Nevertheless, we do not believe they are related to the relief requested. I will be in the future moving to the state court that letters of testamentary be given back to me so I may represent the estate of my husband. As I indicated I have lived in the house of 29 years and I am the one-half owner by reason of operation of law.

9. Stark & Stark application indicates that the co-owner of my townhouse is my husband's ex-wife, however in paragraph 13 in the state court action Ms. Cirrincione verbally informed Stark & Stark attorney that she would be willing to surrender her share of the membership certificate to the homeowner association which my lawyer says that is a conflict of interest in trying to go forward in the state court action. This is one of the reasons they went to the state court to begin with.

10. An issue was made the estate of my husband owed money to the state of New Jersey to abate an oil tank property which all of the properties had leaky oil tanks and they were all removed over 27 years ago and each was replaced with gas.

11. I recently had a tank sweep completed which shows there is no oil tank on my property. However, counsel for the state of New Jersey is not pursuing the estate of Bailly for anything to do with the oil tank which is found in paragraph 30 in the state court action.

12. I am clearly the one-half owner of the property under NJSA 3b 5-3.

13. Since I filed my bankruptcy, I have made every homeowner association payment. My plan calls for payment of 100% payment to creditors.

14. I am also requesting additional time from the court the realistic number I owe for attorney's fees but even assuming I lose that issue which is presently scheduled there is sufficient funds from my personal injury case to pay the entire claim from the homeowner's association.

15. Since there is no claim other than the homeowner's association there is no other debt to the estate, there should be no reason for the homeowners association be involved and we will be requesting from their attorney that they relinquish those letters so that I may begin to applying on behalf of the estate.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: *[signature]*   4/11/22

Dated: _____   _____